```
                                                    CLERK'S OFFICE U.S. DIST COURT
                                                         AT ROANOKE, VA
                                                             FILED
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF VIRGINIA              NOV 0 2 2005
                  ROANOKE DIVISION
                                                    JOHN F CORCORAN, CLERK
                                                    BY:
                                                         DEPUTY CLERK
```

| | |
|---|---|
| JESSE JAMES WEST, ) | |
| Petitioner, ) | Civil Action No. 7:05CV00485 653 |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| ROBERT CLEMENT, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Jesse James West brings this 28 U.S.C. § 2241 action, challenging the judge and prosecutor's actions in his active criminal trial in the Luneburg County Circuit Court.[1] West claims that the judge and the prosecutor have made personal threats against West and that the judge refused to grant him bail despite the fact that he was not a flight risk. On review of the record, the court finds that West has failed to exhaust his state court remedies and therefore dismisses his petition.

A person in state custody seeking § 2241 review must exhaust state remedies before a federal district court may consider his claims in a federal habeas petition. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 489-92 (1973). To exhaust a claim, the petitioner must have sought review in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 119 S.Ct. 1728 (1999). In Virginia, a non-death row felon ultimately must present his claim to the Supreme Court of Virginia[2] and receive a ruling from that court before a federal district court may consider his claims. Because West admits that he has not filed any of his claims in state court, the court dismisses West's petition for failure to exhaust state court remedies.

---

[1] Though petitioner has filed this action under 42 U.S.C. § 1983, he is not challenging his conditions of confinement; rather he challenges his current detainment pending the outcome of his criminal trial and asks the court to order dismissal of the charges filed against him and of any charges filed against him in the future. Accordingly, the court construes his motion as one under 28 U.S.C. § 2241.

[2] Va. Code §8.01-654.



**ENTER**:        This 24 day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE